# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTONIO B. GONZALES,

    Plaintiff,

v.

LORRAINE ANN GONZALES, MANITOWOC CITY POLICE DEPARTMENT, and MANITOWOC COUNTY HUMAN SERVICES,

    Defendants.

Case No. 25-CV-1202-JPS

**ORDER**

Plaintiff Antonio B. Gonzales, a prisoner currently incarcerated in Columbia Correctional Institution and who is representing himself pro se, filed this lawsuit under 42 U.S.C. § 1983. ECF No. 1. The cost of filing a civil lawsuit in federal court is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. Along with his complaint, Plaintiff filed a motion to proceed without prepayment of the filing fee. ECF No. 2.

## 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was incarcerated when he filed this lawsuit. *See* 28 U.S.C. §1915(h). As part of the PLRA, if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions without prepayment of the filing fee unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Commonly known as the "three-strikes" provision, a prisoner is

said to have struck out once he or she has accrued three dismissals under this section.

In order to meet the imminent danger requirement of 28 U.S.C. §1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger. *Id.* Generally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann*, 337 F.3d at 782).

Here, the Court finds that Plaintiff has already accrued at least three strikes. Court records show that Plaintiff has accumulated strikes in the following cases: (1) *Gonzales v. Auth*, Case No. 15-CV-464-JPS (E.D. Wis.), dismissed on June 30, 2015 for failure to state a claim; (2) *Gonzales v. Dep't of Health Servs.*, Case No. 15-CV-465-JPS (E.D. Wis.), dismissed on June 30, 2015 for failure to state a claim; and (3) *Gonzales v. Zinn*, Case No. 15-CV-598-JPS (E.D. Wis.), dismissed on July 23, 2015 for failure to state a claim.

Further, the Court does not discern any meaningful allegations of an imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff's allegations are largely unintelligible but appear to be related to a setup for the sexual assault of child in 2002. ECF No. 1 at 2. Given that this instance happened in the past and Plaintiff is currently incarcerated, the Court does not find that these allegations meet the standard for imminent danger. Therefore, Plaintiff is ineligible for the exception to the "three strikes"

provision under 28 U.S.C. § 1915(g) and the Court will therefore deny his motion to proceed without prepayment of the filing fee.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Analysis

As mentioned above, Plaintiff's allegations are largely unintelligible but appear to be related to a setup for the sexual assault of child in 2002. Plaintiff sues a possible family member, Lorraine Ann Gonzales, the Manitowoc City Police Department, and Manitowoc County Human Services. Plaintiff's allegations do not contain sufficient facts to state a claim for plausible relief. Moreover, Plaintiff's claims are likely barred by the statute of limitations. The relevant Wisconsin statute of limitations is either six or three years, depending on the accrual date. *See D'aquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that in 2018 the Wisconsin legislature changed the statute of limitations under Wis. Stat. § 893.53 from six years to three years).

In almost all circumstances, following the failure to state a claim, the Court would allow Plaintiff leave to file an amended complaint at least one time. However, as discussed below, the Court finds that sanctions are warranted based on Plaintiff's filling history. As such, the Court will dismiss this case without prejudice and Plaintiff may refile if and only if he complies with the imposed sanction.

### 3. SANCTIONS

The Court finds that sanctions are appropriate given Plaintiff's litigious filing history in this District. Plaintiff has filed twelve cases in this district in approximately the last ten years. *See* 15-CV-305-JPS, *Gonzales v.*

*Vote*; 15-CV-306-JPS, *Gonzales v. Karna*; 15-CV-464, *Gonzales v. Auth*; 15-CV-465-JPS, *Gonzales v. Department of Health Services*; 15-CV-598-JPS, *Gonzales v. Zinn*; 23-CV-723-PP, *Gonzales v. Schoreder*; 23-CV-939, *Gonzales v. Randys*; 24-CV-651-WCG, *Gonzales v. Kempton*; 24-CV-693, *Gonzales v. Swanson*; 25-CV-374-JPS, *Gonzales v. Gonzales*; 25-CV-426-JPS, *Gonzales v. Schoreder*; 25-CV-1202. None of these cases has survived screening and his cases have either been dismissed for the failure to state a claim or the failure to pay the filing fee. Plaintiff has demonstrated that he will not be deterred from filing frivolous lawsuits or from filing cases where he knows get cannot pay the filing fee.

"[T]he right of access to the federal courts is not absolute . . . ." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). While every litigant is entitled to their day in court, they are not entitled to someone else's day in court. It is the Court's responsibility to allocate its limited resources in a way that promotes the interests of justice. *In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources."). That aim cannot be achieved if, as Plaintiff would have it, the Court is forced to dedicate a disproportionate amount of its resources to reviewing, time and again, complaints that have no place in federal court. Simply put, Plaintiff's conduct is an abuse of the judicial process. He has consumed far more than his share of scarce and valuable judicial resources, and his pro se status does not "insulate h[im] from sanctions for filing . . . meritless lawsuits." *Smith v. U.S. Dep't of Educ.*, No. 1:20-CV-474, 2021 WL 8894926, at *3 (N.D. Ind. Oct. 11, 2021).

The Court is accordingly entitled to implement sanctions that are "narrowly tailored to the type of abuse" and that do not "bar the courthouse door absolutely." *Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Ill.*, 324 F. App'x 500, 502 (7th Cir. 2009) (collecting cases). "Such sanctions can include dismissal, monetary fines, and the imposition of a filing bar to restrict a plaintiff's ability to file new lawsuits." *Baston v. Carter*, No. 2:20-CV-00182-JPH-MJD, 2020 WL 7138631, at *2 (S.D. Ind. Dec. 7, 2020) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) and Fed. R. Civ. P. 11). Here, and based on Plaintiff's specific form of misconduct, the Court has determined that the appropriate sanction is a $500.00 fine, and a filing bar until such a time as that fine is paid in full.

Plaintiff will be barred from filing any paper in any case in this District, including new lawsuits related to different facts than those set forth in this Order, until he has fully paid the $500.00 fine imposed by this Order. This shall include motions for reconsideration, but it will not include notices of appeal or papers in "any criminal case in which [Plaintiff] is a defendant or any application for habeas corpus that he may wish to file." *Mack*, 45 F.3d at 186 (citing *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994)); *see also Mucha v. Wisconsin*, No. 12-CV-00202-LA, 2013 WL 1498993, at *1 (E.D. Wis. Apr. 10, 2013) (noting that motions for reconsideration fall within *Mack* bar (citing *Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, at *1–2 (7th Cir. Nov. 24, 1999))). The Clerk of Court will be directed to return unfiled any such papers until Plaintiff has fully paid the $500.00 fine. The Court believes this sanction to be an appropriate and narrowly tailored sanction in order to protect judicial resources.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a fine of $500.00 shall be imposed on Plaintiff Antonio B. Gonzales, and he shall be **BARRED** from filing any paper in any case in this District, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers in any criminal case in which he is a defendant or any application for habeas corpus until he fully pays the $500.00 fine; the Clerk of Court shall **RETURN UNFILED** any such papers; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of August, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge